■ In the Matter of the Arbitration between PAVER & WILDFOERSTER, Appellant, and CATHOLIC HIGH SCHOOL ASSOCIATION, Respondent. In the Matter of the Arbitration between CATHOLIC HIGH SCHOOL ASSOCIATION OF NEW YORK, Respondent, and PAVER & WILDFOERSTER, Appellant, and WARWICK CONSTRUCTION, INC., Respondent.—Order, Supreme Court, New York County, entered on June 17, 1974, affirmed. Respondents shall recover of appellant one bill of $40 costs and disbursements of this appeal. Concur — Nunez, J. P., Kupferman and Murphy, JJ.; Lupiano and Lane, JJ., dissent in the following memorandum by Lane, J.: Paver & Wildfoerster (P&W) were retained by the Catholic High School Association (Association) as architects, and Warwick Construction, Inc., (Warwick) was hired as the general contractor. The building was occupied since 1968 and was found defective in that persistent and continuing leakage occurred. Attempts at alleviating these conditions proved unsuccessful. The Association hired an independent waterproofing concern and the report which issued revealed that extensive repairs would have to be made. The

Association thereupon served separate demands for arbitration upon both P&W and Warwick. Motions and cross motions were made. The Association sought to compel arbitration and to consolidate the two separate arbitration proceedings. P&W and Warwick sought a stay of arbitration and Warwick sought the alternative relief of consolidation if a stay were denied. Special Term denied the stay and directed consolidation. The objection of P&W to arbitration was that the claim was in tort and therefore time-barred since the three-year Statute of Limitations was applicable. We are all in agreement that the essential claim of the Association is in contract, that the six-year Statute of Limitations is applicable, and that therefore arbitration should proceed. However, the demand for arbitration against P&W, while couched in contractual terms, asserts two separable claims — one for breach of contract and the other for " defect in design." The contract did not provide for a guarantee of soundness of design. This latter claim, therefore, sounds purely in tort and as to it the three-year statute is applicable (*Carr* v. *Lipshie,* 8 A D 2d 330, 332, affd. 9 N Y 2d 983). Accordingly, the order of Special Term entered June 17, 1974 denying a stay of arbitration and directing that the two arbitration proceedings be consolidated should be modified to the extent of directing a permanent stay of arbitration on the claim of " defect in design " and otherwise affirmed with costs and disbursements.